This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JESSICA MERINO,**

Petitioner-Appellee,

**v.**                                                       **No. 31,636**

**NEW MEXICO MEDICAL REVIEW COMMISSION and MICHAEL RUECKHAUS, DIRECTOR OF THE NEW MEXICO MEDICAL REVIEW COMMISSION,**

Respondents-Appellants,

**and**

**VICTOR NWACHUKU, M.D., VICTOR NWACHUKU, M.D., P.C., d/b/a CASSIE HEALTH CENTER & CHINONYEREM OSUAGWU, M.D.,**

Real Parties in Interest.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Curtis & Lucero
Lisa K. Curtis
Amalia Lucero

Albuquerque, NM

for Appellee

Gallagher, Casados, & Mann, P.C.
Nancy Franchini
Albuquerque, NM

for Appellants

Atwood, Malone, Turner & Sabin, P.A.
Lee Rogers
Roswell, NM

Miller, Stratvert, P.A.
Lawrence R. White
Las Cruces, NM

for Real Parties in Interest

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

The New Mexico Medical Review Commission and its Director, Michael Rueckhaus (Respondents) appeal from the district court's issuance of a writ of mandamus ordering Rueckhaus to submit Petitioner's application for medical malpractice to a medical review panel without requiring redaction or amendment of factual allegations. The district court further enjoined Respondents from requiring "redaction, alteration, or amendment of any application for review filed pursuant to the Medical Malpractice Act" from the date of the writ. [RP 78] This Court issued a notice of proposed disposition affirming the district court's determination that Reuckhaus did not have the authority to require Petitioner to redact factual allegations

or averments in order for her application to be submitted to a review panel. This Court, however, proposed to reverse the district court's order to the extent it enjoined Respondents from doing so in the future, since there was no request for injunctive relief before the district court.

Respondents have filed a response to this Court's notice of proposed disposition. In their response, Respondents state that they do not oppose this Court's proposed disposition. Instead, Respondents seek clarification of our proposed disposition and request that we consider supplemental information in reaching our decision. We have considered all of the materials currently before this Court, including the supplemental record proper, and we proceed to summarily affirm, in part, and summarily reverse, in part.

Respondents seek clarification of the portion of this Court's notice proposing to affirm the district court's determination that Reuckhaus did not have the authority to refuse to transmit Petitioner's application to the panel unless the application was amended or the doctor agreed to waive liability against Respondents for publishing the application. In this Court's calendar notice, we suggested that *Kucel v. New Mexico Medical Review Commission*, 2000-NMCA-026, 128 N.M. 691, 997 P.2d 823, resolved the issue presented by this appeal. In *Kucel*, this Court stated:

> Allowing the Director to screen applications and unilaterally eliminate portions of applications before sending them to a panel is akin to

4

allowing the Director to act as a judge deciding a motion for failure to state a claim upon which relief may be granted. The Director has no such decision-making authority or discretion under the Act.

. . . We conclude that the Director does not have any discretion to redact an applicant's legal claims or factual averments from an application to the Commission.

*Id.* ¶¶ 22-23.

Respondents point out that *Kucel* involved unilateral action by the Director, and that in the present case the Director acted on objections raised by the parties and made his determination only after holding hearings and listening to the arguments of all counsel. [MIO 3]  We are unpersuaded by Respondents' attempt to distinguish *Kucel.*  In *Kucel*, we discussed the scope of the Director's authority pursuant to the provisions of the Medical Malpractice Act, NMSA 1978, §§ 41-5-1 through -29 (1976, as amended through 1997).  *Kucel* provides:

The Director has authority to decide issues related to the merits of the application in only one limited circumstance: breaking a tie *after* a panel has considered an application. As to all substantive matters concerning malpractice, the Legislature expressly gave decision-making authority to the panels, not the Director. We cannot glean from the Act implicit discretion to redact averments in applications; nor will we read into the Act such authority.

*Kucel*, 2000-NMCA-026, ¶ 22.  Based on *Kucel*, we conclude that, even where the issue is raised by the parties, the Director does not have the authority to require redaction.

5

Accordingly, we affirm the district court's determination that the Director did not possess the authority to require redaction of factual averments in Petitioner's petition. For the reasons articulated in this Court's notice of proposed disposition we reverse the district court's order to the extent it enjoins Respondents from such action in all future cases.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**